IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

STATE OF WISCONSIN,

    Intervenor,

v.

CONTAINER LIFE CYCLE
MANAGEMENT, LLC,

    Defendant.

Case No. 2:22-cv-01423

The Honorable J.P. Stadtmueller

**UNITED STATES' MOTION FOR ENTRY OF CONSENT DECREE**

    The United States of America files this motion for entry of the proposed Consent Decree that was lodged in this case on November 30, 2022, and docketed in the Court's Electronic Case Filing System as ECF No. 3-1.[1]  If approved and entered by this Court, the Consent Decree would conclude this case on the terms and conditions set forth in that settlement agreement. The State of Wisconsin, which co-signed the proposed Consent Decree and has submitted an unopposed motion to intervene as a co-plaintiff in this matter, ECF No. 2, has authorized the United States to represent that it continues to support approval and entry of the Consent Decree. The defendant in this lawsuit – Container Life Cycle Management LLC ("CLCM") – has co-signed the proposed Consent Decree and supports its approval and entry as a final judgment in

---

[1] In this motion, docketed filings in this case are cited by reference to the ECF system docket number, using the citation format "ECF No. __."

this case. The defendant will not be filing a brief in response to this motion, so the motion is ripe for decision.

**<u>Brief Background and Basis for the Motion</u>**

1. On November 30, 2022, the United States filed a Complaint in this action seeking civil penalties and injunctive relief for alleged violations of the Clean Air Act, 42 U.S.C. §§ 7401-7671q, at CLCM's container refurbishing facilities in St. Francis and Oak Creek, Wisconsin ("Facilities"). ECF. No. 1. On the same day, the State submitted a proposed Complaint in Intervention alongside its unopposed motion to intervene, ECF No. 2-1, and the United States lodged a proposed Consent Decree containing proposed terms of a settlement. ECF No. 3-1.

2. The United States' Complaint and the State's Complaint in Intervention allege civil violations by CLCM of the Clean Air Act and the Resource Conservation and Recovery Act ("RCRA") at the Facilities.

3. The proposed Consent Decree would require that CLCM: (1) implement appropriate injunctive relief to control air pollutant emissions from the Facilities; (2) implement a container management plan at the Facilities to address hazardous waste violations; and (3) pay $1,600,000 in civil penalties, split between the United States and State.

4. Pursuant to Department of Justice policy codified at 28 C.F.R. § 50.7, the United States published notice of the lodging of the proposed Consent Decree in the Federal Register, which commenced a 30-day public comment period. *See* 87 Fed. Reg. 74663 (Dec. 6, 2022). The Justice Department received one comment, from a former consultant for CLCM who has raised public concerns about CLCM's handling of hazardous waste. A copy of this comment is attached hereto as Exhibit 1 (with personal information redacted to protect the commenter's privacy).

5. As explained in the accompanying brief in support of this motion, the points made in the comment do not alter the United States' belief that the Consent Decree is fair, reasonable, in the public interest, and consistent with the purposes of the Clean Air Act and RCRA. In addition to obtaining an appropriate civil penalty and suitable injunctive relief, the Consent Decree would have the benefit of resolving the claims asserted against CLCM without protracted litigation, thereby avoiding a potentially significant devotion of time and resources by the Court and the parties. The Court should approve and enter the Consent Decree for these reasons. *See United States v. George A. Whiting Paper Co.*, 644 F.3d 368, 372 (7th Cir. 2011) ("the district court must approve a consent decree if it is reasonable, consistent with [the statutory] goals, and substantively and procedurally fair"); *United States v. BP Exploration & Oil Co.,* 167 F. Supp. 2d 1045 (N.D. Ind. 2001) (same).

## Conclusion

For the foregoing reasons, the Court should approve the proposed Consent Decree and enter it as a final judgment in this case.

FOR THE UNITED STATES OF AMERICA:

Todd Kim
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Dated: March 16, 2023

s/ Bonnie Cosgrove
Bonnie Cosgrove
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
450 Golden Gate Ave, Suite 07-6714

San Francisco, CA 94102
bonnie.cosgrove@usdoj.gov
415-744-0130

Gregory J. Haanstad
United States Attorney
Eastern District of Wisconsin

Michael Carter
Assistant United States Attorney
Eastern District of Wisconsin
517 E. Wisconsin Avenue, Room 530
Milwaukee, WI 53202

OF COUNSEL:

Jeffrey Cahn
Associate Regional Counsel
U.S. Environmental Protection Agency, Region 5
77 West Jackson Boulevard
Chicago, IL 60604

Chris Grubb
Associate Regional Counsel
U.S. Environmental Protection Agency, Region 5
77 West Jackson Boulevard
Chicago, IL 60604